Filed 8/16/22 Marriage of Saleh CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of SUSAN and JOSEPH SALEH. | 2d Civil No. B308125 (Super. Ct. No. D375562) (Ventura County) |
| SUSAN SALEH,<br><br>    Appellant,<br><br>v.<br><br>JOSEPH SALEH,<br><br>    Respondent. | |

Susan Saleh appeals from the judgment after the trial court granted the petition dissolving her marriage to Joseph Saleh and ordered her to pay an attorney fee sanction. Susan[1] raises 21 issues on appeal related to the evidence presented at trial. We affirm.

---

[1] We use the parties' first names for clarity.

## FACTUAL AND PROCEDURAL HISTORY

Susan and Joseph married in 1990. In 2016, Susan petitioned for dissolution of the marriage, citing irreconcilable differences. Over the next four years, Susan made numerous requests for orders related to spousal support, attorney fees, and the division of community property. The trial court ruled on some of these requests, and reserved ruling on others until trial.

Trial commenced in March 2020. At the beginning of trial Susan and Joseph stipulated to the dissolution of their marriage. After receiving evidence and testimony the trial court ordered the division of certain community property assets. It also ordered Joseph to pay Susan $250 in monthly spousal support. The court reserved jurisdiction over Susan's remaining requests, setting trial on those matters for July.

Six days before the July trial, Susan requested a continuance. The trial court granted her request, continuing trial to August.

Susan failed to appear at the continued trial in August. It proceeded in her absence. The trial court received various exhibits and testimony from Joseph and determined that he no longer had the ability to pay spousal support. It also concluded that Susan did not have the ability to pay spousal support, and that neither party had the ability to pay attorney fees. However, based on Susan's conduct in the case and her refusal to engage in good-faith settlement discussions, however, the court ordered her to pay a $15,000 attorney fee sanction.

Susan moved the trial court to reconsider its decision not to order Joseph to pay spousal support and its decision to order her to pay the attorney fee sanction. The court denied Susan's motions.

DISCUSSION

A self-represented party "'is to be treated like any other party'" on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Such a party must thus "follow correct rules of procedure." (*Ibid*.) Among those rules is that requiring "[e]ach and every statement in a brief regarding matters that are in the record on appeal . . . [to] be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2; see Cal. Rules of Court, rule 8.204(a)(1)(C).) "The claimed existence of facts that are not supported by citations to pages in the appellate record, or not appropriately supported by citations, cannot be considered by this court. [Citations.]" (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.) "It is not the duty of a reviewing court to search the record for evidence on a point raised by a party whose brief makes no reference to the pages where the evidence can be found. [Citations.]" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011 (*ComputerXpress*).)

The statement of facts in Susan's opening brief includes just seven citations to the appellate record. The brief's procedural history section includes more citations, but they are almost exclusively to exhibits—several of which were not admitted into evidence—with little or no indication of their relevance to this appeal. Such a brief is "wholly unacceptable." (*ComputerXpress, supra*, 93 Cal.App.4th at p. 1011.) We accordingly disregard the unsupported factual allegations included in Susan's brief. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60; *Millan v. Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 485.)

Susan's brief also lacks legal analysis. "Whether legal or factual, no error warrants reversal unless the appellant can show

3

injury from the error. [Citation.]" (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id*. at pp. 286-287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt. [Citations.]" (*Id*. at p. 287.)

The argument section of Susan's brief contains little more than a recitation of legal principles with no application to the facts of her case. As with the lack of factual support, the dearth of legal analysis in Susan's brief is unacceptable. (*ComputerXpress, supra*, 93 Cal.App.4th at p. 1011.) "One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why. [Citation.]" (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) It is not our duty to "'act as counsel for [Susan] . . . and furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion' [citation], or a mistake of law." (*Ibid*.)

Even if the trial court did err during the proceedings below, Susan has not shown how any assumed errors prejudiced her. This court cannot reverse a judgment unless an appellant shows that any assumed error was prejudicial. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.)

*Oral Argument Claim*

At oral argument Susan's overall theme was that she was treated unfairly in the trial court. We do not doubt her sincerity.

We observe that some litigants in a contested dissolution trial might share her views. But here, the claim of unfairness is not supported by the record. In addition, all the rulings made in

4

the March trial were interim rulings subject to modification at the continued trial in August. Appellant did not attend the continued trial. The Court of Appeal does not retry cases on appeal.

DISPOSITION

The judgment is affirmed. Joseph Saleh shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


PERREN, J.*


BALTODANO, J.

---

* Retired Associated Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5

John R. Smiley, Judge

Superior Court County of Ventura

———————————————

Susan Saleh, in pro. per., for Appellant.

Joseph Saleh, in pro. per., for Respondent.